IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br><br>**TXCO RESOURCES INC.,** *et al.,*<br><br>　　　　Debtors. | § § § § § § § | **CHAPTER 11 CASE**<br><br>**CASE NO. 09-51807**<br><br>**JOINTLY ADMINISTERED** |
| **TXCO RESOURCES INC.,** *et al.*<br><br>　　　Plaintiffs<br><br>　　　v.<br><br>**BANK OF MONTREAL, ALLIED IRISH BANK, AMEGY BANK NATIONAL ASSOCIATION, GUARANTY BANK, NATIXIS, STANDARD BANK, WESTERN NATIONAL BANK, AIB DEBT MANAGEMENT, BLACK DIAMOND OFFSHORE LTD., CIT CAPITAL USA, INC., DOUBLE BLACK DIAMOND OFFSHORE, LTD., AND REGIMENT CAPITAL SPECIAL SITUATIONS FUND III, L.P.**<br><br>　　　Defendants | § § § § § § § § § § § § § § § § § § § § § § | **ADVERSARY PROCEEDING NO.**<br>_____ |

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs TXCO Resources Inc. ("TXCO"), Eagle Pass Well Service, L.L.C. ("Eagle Pass"), TXCO Drilling Corp. ("Drilling"), Charro Energy Inc. ("Charro"), Texas Tar Sands Inc. ("Tar Sands"), TXCO Energy Corp. ("Energy"), Output Acquisition Corp. ("Output"), OPEX Energy, L.L.C. ("OPEX"), PPL Operating, Inc. ("PPL"), Maverick Gas Marketing, Ltd. ("Maverick Gas"), and Maverick-Dimmit Pipeline, Ltd. ("Maverick-Dimmit")

(collectively, the "Debtors" or "Plaintiffs"), file this *Complaint and Request for Declaratory Judgment* (the "Complaint") pursuant to Rules 7001, 7003, 7004, 7007, and 7008 of the Federal Rules of Bankruptcy Procedure which adopt Rules 3, 4, 7 and 8 of the Federal Rules of Civil Procedure and in support thereof would respectfully show as follows:

## I. PARTIES

1. Plaintiff TXCO is a Delaware corporation with its principal place of business in Texas.

2. Plaintiffs Eagle Pass and OPEX are Texas limited liability companies with their principal places of business in Texas.

3. Plaintiffs Drilling, Charro, Tar Sands, Energy, Output, and PPL are Texas corporations with their principal places of business in Texas.

4. Plaintiffs Maverick Gas and Maverick-Dimmit are Texas limited liability partnerships with their principal places of business in Texas.

5. Defendants Bank of Montreal, Allied Irish Bank, Amegy Bank National Association, Guaranty Bank, Natixis, Standard Bank, and Western National Bank (collectively the "Revolver Lenders") are lenders under the Amended and Restated Credit Agreement dated April 2, 2007, among Output Acquisition Corp., TXCO Energy Corp, and Texas Tar Sands Inc. and Bank of Montreal as administrative agent ("Revolver Loan"). As of the Petition Date, the Revolver Loan was approximately $50,000,000.00.

6. Bank of Montreal can be served with process through its registered agent, James B. Whitmore, 700 Louisiana, Suite 4400, Houston, Texas 77002.

2631350.1

7. Allied Irish Bank can be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

8. Amegy Bank National Association can be served with process through its registered agent, Jo Ann Caton, 4400 Post Oak Parkway, Houston, TX 77027.

9. Guaranty Bank can be served with process through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, TX 7870.

10. Natixis can be served with process through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

11. Standard Bank can be served with process through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201-0000.

12. Western National can be served with process through its registered agent, Stanley K. Pinkham, 2700 West County Rd., Odessa, TX 79764.

13. Defendants Bank of Montreal, AIB Debt Management, Amegy Bank National Association, Black Diamond Offshore Ltd, CIT Capital USA, Inc., Double Black Diamond Offshore Ltd, Regiment Capital Special Situations Fund III, L.P. and Standard Bank (collectively, the "Term Lenders") are lenders under the Term Loan Agreement dated April 2, 2007 among Output Acquisition Corp, TXCO Energy Corp and Texas Tar Sands Inc and Bank of Montreal as Administrative Agent the ("Term Loan"). As of the Petition Date, the Term Loan was approximately $100,000,000.00.

14. AIB Debt Management can be served with process through agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

15. Amegy Bank National Association can be served with process through its registered agent, Jo Ann Caton, 4400 Post Oak Parkway, Houston, Texas 77027.

16. Black Diamond Offshore Ltd, CIT Capital USA, Inc., Double Black Diamond Offshore Ltd, and Regiment Capital Special Situations Fund III, L.P., can be served with process through their attorney in the related chapter 11 bankruptcy cases, Andrews Kurth LLP, Attn: James Donnell, 450 Lexington Avenue, 15th Floor, New York, NY 10017.

## II. JURISDICTION & VENUE

17. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1334. The Complaint asserts claims arising under federal law. The Complaint arises under, arises in or is related to a case under title 11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

18. This Court further has jurisdiction to grant the relief sought herein under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## III. FACTS

19. On May 17, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for reorganization relief under Chapter 11 of Title 11 of the United States Code, (as amended, the "Bankruptcy Code"). The Debtors continue to manage and operate their respective businesses, each as a debtor-in-possession.

20. On May 18, 2009, Debtors filed the *Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364 and 507 and Federal Rules of*

4

2631350.1

*Bankruptcy Procedure 2002, 4001 and 9014 (I) Authorizing the Debtors to Incur Postpetition Senior Secured Superpriority Indebtedness; (II) Authorizing Use of Cash Collateral; (III) Granting Security Interests and Superpriority Claims; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; and (VI) Scheduling a Final Hearing on the Motion* (the "Financing Motion").

21. On June 15, 2009, the Court conducted a final hearing on the Financing Motion and entered its *Final Order under 11 U.S.C. §§ 105(a), 361, 363, and 364 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Incur Post-Petition Secured Indebtedness, (II) Granting Security Interests and Superpriority Claims, (III) Approving Use of Cash Collateral, and (IV) Scheduling Final Hearing* (the "Final Order") which contained a copy of the Credit Agreement, attached as Exhibit "A" to the Final Order (the "DIP Loan Agreement")[1].

22. Pursuant to the Final Order, Debtors, for or on behalf of their estates, have until the later of (i) sixty days following the Petition Date with respect to the Debtors and one hundred twenty days following the Petition Date with respect to the Committee, or (ii) a date order by the court (the "Investigation Termination Date"), to file an adversary proceeding or contested matter (a) challenging or objecting to the validity, perfection, enforceability or priority of the Prepetition Agents' and the Prepetition Lenders' security interests in and liens on the Prepetition Collateral or the amount and allowance of the Prepetition Collateral securing the Prepetition Indebtedness, or (b) otherwise asserting any claims or causes of action against the Prepetition Agents or Prepetition Lenders (any action under (a) or (b), a "Challenge"). If a Challenge is not filed on or before the Investigation Termination Date, then the Prepetition Indebtedness will be deemed and adjudicated final and indefeasibly as valid and enforceable,

---

[1] Capitalized terms unless otherwise defined herein shall have the same meaning as ascribed to them in the Final Order and/or the DIP Loan Agreement.

and Lenders' liens and security interests in the Prepetition Collateral securing the Prepetition Indebtedness will be deemed and adjudicated final and indefeasibly as valid, enforceable, and perfected liens and security interests in that Collateral.

23. Pursuant to the Final Order, the Investigation Termination Date may be extended through a written stipulation signed by the Prepetition Term Loan Agent and the Prepetition Term Loan Lenders, in their sole discretion; however, any extension granted to a person or persons shall be specific as to that person or persons and shall note constitute or be deemed to constitute a general extension of the Investigation Termination Date for any other person or persons.

## IV. **JUSTICIABLE CONTROVERSY**

24. Certain of the Revolver Lenders and Term Lenders assert that they have valid and enforceable security interests upon a substantial portion, if not all, of the Debtors' real and personal property interests. The Debtors contend that certain properties are not subject to valid, perfected and/or enforceable liens, a position which the Revolver Lenders and Term Lenders deny. Therefore, an actual and justiciable controversy exists between the Debtors and the Defendants regarding the validity and enforceability of the liens of the Revolver Lenders and Term Lenders. A declaratory judgment of the validity and enforceability of the Defendants' liens will serve a useful purpose in clarifying or settling the legal issues involved in this controversy between the Debtors and the Defendants. The Debtors seek and are entitled to a declaratory judgment, that certain of the liens are invalid under Texas or Louisiana state law or otherwise.

2631350.1

## V. CAUSES OF ACTION

**A. First Cause of Action: Declaratory Judgment – Valid and Enforceable Liens on Real Property**

25. The Debtors repeat and reallege the assertions contained in the foregoing paragraphs 1 through 24 as though fully set forth herein.

26. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9).

27. The Revolver Lenders and Term Lenders have asserted valid and enforceable security interests on all of the Debtors' real property interests described in the attached Exhibit A. The Debtors request that the Court issue a declaratory judgment affirming the validity and enforceability of these liens.

**B. Second Cause of Action: Declaratory Judgment – Invalid and Unenforceable Liens on Real Property**

28. The Debtors repeat and reallege the assertions contained in the foregoing paragraphs 1 through 27 as though fully set forth herein.

29. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9).

30. The Revolver Lenders and Term Lenders have asserted valid and enforceable security interests on all of the Debtors' real property interests described in the attached Exhibit B. The Debtors request that the Court issue a declaratory judgment that no security interest was granted in such property or that any liens are invalid, unperfected and/or are otherwise unenforceable.

2631350.1

C. **Third Cause of Action: Declaratory Judgment – Valid and Enforceable Liens on Personal Property**

31. The Debtors repeat and reallege the assertions contained in the foregoing paragraphs 1 through 30 as though fully set forth herein.

32. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9).

33. The Revolver Lenders and Term Lenders have asserted valid and enforceable security interests on the equipment owned by the Debtors. The Debtors request that the Court issue a declaratory judgment that these liens are valid, perfected and are otherwise enforceable.

34. The Revolver Lenders and Term Lenders have asserted valid and enforceable security interests on the fixtures attached to the real property interests described in the attached Exhibit A. The Debtors request that the Court issue a declaratory judgment that these liens are valid, perfected and are otherwise enforceable.

D. **Fourth Cause of Action: Declaratory Judgment – Invalid and Unenforceable Liens on Personal Property**

35. The Debtors repeat and reallege the assertions contained in the foregoing paragraphs 1 through 34 as though fully set forth herein.

36. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9).

37. The Revolver Lenders and Term Lenders have asserted valid and enforceable security interests on fixtures attached to the real property interests described in the attached Exhibit B. The Debtors request that the Court issue a declaratory judgment that that no security interest was granted in such property or that any such liens are invalid, unperfected and/or are otherwise unenforceable.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, the Debtors respectfully requests that the Court enter judgment in the Debtors' favor and against Defendants as follows:

(A.) Declaring that the Revolver Lenders and Term Lenders have valid and enforceable liens on the real property interests described in Exhibit A;

(B.) Declaring that the Revolver Lenders and Term Lenders have no valid or enforceable lien on the real property interests listed on Exhibit B;

(C.) Declaring that the Revolver Lenders and Term Lenders have valid and enforceable liens on the equipment owned by the Debtors;

(D.) Declaring that the Revolver Lenders and Term Lenders have valid and enforceable liens on fixtures attached to the real property interests described in the attached Exhibit A.

(E.) Declaring that the Revolver Lenders and Term Lenders have no valid or enforceable lien on the fixtures attached to the real property interests listed on Exhibit B;

(F.) Awarding such other and further relief as the Court may in its discretion deem just and appropriate.

2631350.1

Dated: July 17, 2009        Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By:   */s/ Deborah D. Williamson*
     Deborah D. Williamson
     State Bar No. 21617500
     Patrick L. Huffstickler
     State Bar No. 10199250
     Lindsey D. Graham
     State Bar No. 24055412
     112 East Pecan Street, Suite 1800
     San Antonio, Texas 78205
     (210) 554-5500
     (210) 226-8395 (Fax)

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**

2631350.1